**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1492-18T4

JOSE G. RAMOS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 17, 2020 – Decided March 27, 2020

Before Judges Fisher and Rose.

On appeal from the New Jersey Department of Corrections.

Jose Ramos, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Niccole L. Sandora, Deputy Attorney General, on the brief).

PER CURIAM

Jose Ramos, an inmate at New Jersey State Prison, appeals a final agency decision of the Department of Corrections (DOC), declining to amend the security alert section of the agency's internal classification document. We affirm.

According to the record before the DOC, Ramos is serving a life sentence for murder and other offenses, including endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2).[1] That subsection pertains to the non-sexual abuse of a child. Consistent with those convictions, the security alert section of the DOC's face sheet report issued for Ramos indicates he has a child abuse history.

Ramos petitioned DOC's classification department, seeking removal of the child abuse designation. Acknowledging it was "not an obvious error," Ramos instead claimed the designation implied he was a "'[c]hild [m]olester' . . . causing unwarranted damage to [his] character and reputation." Ramos also contended the designation will affect his eligibility for reduced custody status. The DOC declined Ramos' request, responding that "[c]hild [a]buse is not the same as [a] sex offense." This appeal followed.

---

[1]  N.J.S.A. 2C:24-4(a) contains two subsections. Subsection (1) proscribes "sexual conduct" with a child that "would impair or debauch the morals of the child"; subsection (2) prohibits "harm that would make the child an abused or neglected child as defined in [Title Nine]."

On appeal, Ramos argues the DOC should amend the face sheet to remove the child abuse reference or include terminology that his endangering conviction was "non-sexual." He raises the following points for our consideration:

POINT I

THE [DOC] IS IN ERROR BY HAVING ALLOWED THE PHRASING [SIC] "CHILD ABUSE" TO BE CITED ON [RAMOS'] FACE SHEET IN THE ALERT SECTION CONFLICTING WITH [RAMOS'] CONVICTION AND SENTENCE.

POINT II

MISUSE OF THE . . . N.J.S.A. 2C:24-4(a)(2) TERMINOLOGY "SEXUAL CONDUCT" [SIC] COMPONENT SHOULD NOT BE USED IN THE ALERT SECTION OF [RAMOS'] FACE SHEET.
(Not Raised Below)

We have considered these contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our limited standard of review, In re Stallworth, 208 N.J. 182, 194 (2011), we affirm the DOC's decision, which "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D).

We simply note the decision to issue security alerts for inmates convicted of child abuse is a proper exercise of the DOC's authority to make decisions

3

related to day-to-day security.  See N.J.A.C. 10A:1-1.1.  Ramos has not overcome the "strong presumption of reasonableness" accorded to the agency's exercise of its statutorily delegated responsibilities.  Newark v. Natural Res. Council, Dep't Envtl. Prot., 82 N.J. 530, 539 (1980).  We clearly defer to the expertise of the DOC, see In re Herrmann, 192 N.J. 19, 28 (2007), particularly respecting the necessity of maintaining the security of a prison.  We conclude the DOC's designation was consistent with Ramos' convictions and, as such, the agency's decision was not arbitrary, capricious, or unreasonable.  Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1492-18T4